NORTHCUTT, Judge.
Cecil Brown appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The State has properly conceded that we must reverse and remand for further proceedings.
Pursuant to a plea agreement, the trial court sentenced Brown to concurrent fourteen-month sentences for his convictions of sale and possession of marijuana. Brown later filed a rule 3.800(a) motion asserting that the court improperly failed to award him 142 days of jail credit to which he was entitled. He maintained that he was jailed from the date of his arrest on January 8, 2004, until his sentencing on May 28, 2004, and that this was apparent from the face of the trial court records and the county jail records.
Brown’s motion presented a facially sufficient claim for relief under rule 3.800(a). See Whitt v. State, 807 So.2d 788, 788 (Fla. 2d DCA 2002). As the State acknowledges, when denying Brown’s motion the postconviction court failed to conclusively refute his claim by attaching appropriate record documents, such as the actual sentencing documents or the sheriffs jail log. See id.
Therefore, we reverse and remand for further proceedings. If, on remand, the postconviction court again determines that Brown is not entitled to relief, it must attach those portions of the trial court records or the sheriffs jail log that conclusively refute his claim.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., Concur.